IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE E. WRIGHT                                                                                             PLAINTIFF
ADC # 141242

V.                                        5:08CV00131 JLH/HDY

DAVID BANGILLE, Medical Assistant, Diagnostic Unit,
Arkansas Department of Correction; LARRY NORRIS, Director,
Arkansas Department of Correction; RICK TONY, Warden,
Diagnostic Unit, Arkansas Department of Correction; FARMER,
Nurse, Diagnostic Unit, Arkansas Department of Correction;
and LEROY METTLES, Sheriff                                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who is in the custody of the Arkansas Department of Correction housed at the Randall Williams Correctional Facility, commenced this action pursuant to 42 U.S.C. § 1983 alleging a denial of adequate medical care based upon his failure to receive ulcer medication for six days. Plaintiff also submitted an Application to Proceed *In Forma Pauperis*, but this was denied as incomplete. Accordingly, in an Order dated May 8, 2008 (docket entry #3), Plaintiff was directed to submit a completed *in forma pauperis* application (or the $350.00 filing fee) and an Amended Complaint further explaining his allegations.

Plaintiff's response to this Order was due to the Court on or before June 9, 2008. When Plaintiff failed to respond, the undersigned recommended that Plaintiff's Complaint be dismissed

for failure to prosecute, pursuant to Local Rule 5.5(c)(2). *See* docket entry 7. The Recommended Disposition was entered on July 10, 2008, and Plaintiff was given eleven days in which to respond. Plaintiff did eventually respond to the Court's Orders on July 25, 2008 (docket entry #9) with a letter stating that because of his ignorance of the law he did not understand that he had only thirty days to "return the paperwork." The district judge construed this as Plaintiff's objections to the Recommended Disposition and referred the matter back to the undersigned for further proceedings. In that Order, dated July 25, 2008 (docket entry #9), Plaintiff was provided copies of all of the Court's previous Orders and given until August 25, 2008, to comply with the Court's previous directions to submit an *in forma pauperis* application and an Amended Complaint showing specific facts regarding the nature of his claims.

To date the Court has had no response to this Order. More than thirty days have passed since the entry date of the Court's last Order, and Plaintiff has not responded nor has the correspondence from the Court been returned as undeliverable to Plaintiff's last known address.

Under these circumstances, the undersigned again concludes that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2)[1] and failure to prosecute or respond to the Court's order. Fed.R.Civ.P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)(district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir.1986)(*quoting Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir.1985))(a district court has the power to dismiss an action for the plaintiff's

---

[1] Local Rule 5.5(c)(2) provides that if any communication from the Court to a *pro se* litigant is not responded to within thirty days, the case may be dismissed without prejudice.

failure to comply with any court order; such a dismissal may be with prejudice if there has been "a clear record of delay or contumacious conduct by the plaintiff"); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir.1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint (docket entry #2) be dismissed without prejudice for failure to prosecute.

DATED this __3__ day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE